## Dictograph Products, Inc. v. Hurwitz, etc.

*Floyd M. Kocher*, for plaintiff.
*Sidney A. Simon*, for defendant.

WILLIAMS, P. J., January 16, 1956.—Plaintiff sues for goods itemized and made a part of its complaint. Plaintiff claims the goods were sold to defendant, defendant failing to pay for them.

An answer and counterclaim was filed by defendant. Plaintiff now moves for judgment on the pleadings.

Defendant makes a general denial in his answer that the merchandise was sold and shipped to him, then alleges that certain goods and merchandise were delivered to him but that part of this merchandise was returned to plaintiff.

Defendant's answer is insufficient. Defendant should be specific. If he received goods which were listed in the statement of claim, he should say so. If he failed to receive these goods, he should describe what goods he did not receive. He should also be particular as to what merchandise was returned, if any.

The statement of claim alleges that the goods were accepted and retained and that they were of approved quality. Defendant denies that the goods were of approved quality and alleges they were of defective quality. We are of opinion that he should be more specific as to defects.

Plaintiff also complains about the counterclaim. Defendant's counterclaim is to the effect that he was a franchise dealer of plaintiff and that certain of plaintiff's products were defective, causing defendant to lose because of service calls and rewiring in attempt to cure the defects. Defendant also claims cancellation of orders because of such defects. We are of the opinion that defendant should be more specific in his counterclaim. The claim does not have to disclose the testimony that is going to be introduced. It should, however, give information sufficient for the opposing party to prepare a defense and in this counterclaim we feel that no such information is given.

*Order of Court*

And now, January 16, 1956, the motion of plaintiff to strike is granted, defendant, however, to have 20 days in which to amend its affidavit of defense and counterclaim.